Young Walgenkim OSB# 124900
Hanson & Walgenkim, LLC
838 Commercial St NE
Salem, OR 97301
Tel. (503) 383-1496 || Fax (503) 766-6477
young@hansonwalgenkim.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **ROYA NOROUZI** and **HOMAYOUN NOROUZI**, individuals, <br><br>    Plaintiff, <br><br>  v. <br><br> **JORDAN MOTORZ, LLC**, a domestic limited liability company; **UNITED STATES FIRE INSURANCE COMPANY**, a foreign corporation <br><br>    Defendants. | Case No.: 3:15-cv-00857 <br><br> COMPLAINT <br> Unlawful Trade Practices (ORS § 646.638), <br> Truth in Mileage Act (49 USC § 32701), <br> Action Against the Bond (ORS § 822.030) <br><br> Jury Trial Requested |

Plaintiffs, by and through their attorney Young Walgenkim, and for their complaint allege:

### PARTIES

1. At all times material herein, Plaintiffs were and are residents of Orange County, California.

2. At all times material herein, Defendant Jordan Motorz, LLC (Jordan Motorz) was and is an Oregon Limited Liability Company and an automobile dealership (Dealer Number: DA2713) located on 18625 SE McLoughlin Blvd Milwaukie, OR 97267, in Multnomah County Oregon.

3. Defendant United States Fire Insurance Company (USFIC) is the bond company for Jordan Motorz and Plaintiff has a right of action under ORS 822.030 against the surety on Jordan Motorz's bond. At all times material herein, USFIC was and is a Delaware corporation with principal place of business in Morristown, New Jersey.

## JURISDITION and VENUE

4. Jurisdiction of this court arises under 49 U.S.C. § 32710, 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1332 (Diversity), and the doctrine of pendent jurisdiction for the other Oregon claims pursuant to 28 U.S.C. § 1367. Plaintiff seeks relief in excess of $75,000.00.

5. Jurisdiction and Venue are proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendants are actively doing business in this State and subject to personal jurisdiction throughout the State; (ii) upon information and belief, Defendants transact business in the State and in the District; (iii) upon information and belief Defendants have committed illegal acts in the District by and through their sales and/or have provided defective products to residents of this district, and (iv) a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

6. On, or about, January 16, 2015, Mr. Norouzi saw an advertisement on autotrader.com for a 2007 Ferrari F430 Spider (F430), VIN ZFFEW59A570157144 being offered for sale by Jordan Motorz.

7. Mr. Norouzi contacted Jordan Motorz to purchase the F430 for personal use for his wife.

8. The advertisement indicated that the F430 had "clean title Carfax certified" and had 21,569 miles on it.

9. Mr. Norouzi asked about the condition of the F430, and Jordan Motorz' representative stated that it had no major problems and it was car fax certified clean.

10. Jordan Motorz disclosed that there had been a minor accident where another vehicle backed into the F430's front bumper at very low speed. Jordan Motorz assured Mr. Norouzi that only the bumper had been damaged, and it has been repaired as new.

11. Relying on this representation, Mr. Norouzi agreed to the purchase and had Mrs. Norouzi pay a $1,000 deposit to Jordan Motorz.

12. Mr. Norouzi arranged with Putnam Leasing Company, LLC (Putnam) to purchase the F430 on Mrs. Norouzi's behalf for $115,000, and Mrs. Norouzi entered into a leasing agreement with Putnam. (Exhibit 1 – Bill of Sale; Exhibit 2 – Lease Agreement).

13. On February 3, 2015, the F430 was delivered to Mr. Norouzi through transport service.

14. Immediately, Mr. Norouzi noticed a rattling noise coming from the engine as the F430 was being unloaded from the truck. He also noticed that the odometer read 21,806, which was 237 miles more than was advertised.

15. The next day, when Mr. Norouzi was driving the F430 on the freeway, he saw that the speedometer was displaying 25 miles per hour, when he was going about 65 miles per hour.

16. He immediately took the F430 to a mechanic, who found that once the undercarriage cover was removed, there was a pool of fluids that showed that F430 was leaking fluid.

17. The mechanic also found the following additional problems:

   a. It had been in a wreck, which resulted in repairs to the hood, driver side door, rear panel, rear bumper, and front bumper;

   b. Speedometer and odometer were not functioning properly;

   c. Transmission was defective and contained the wrong kind of fluid;

    d. Catalytic converter was defective;

    e. Leaky F1 shift actuator;

    f. The convertible top and doors did not fit correctly;

    g. Exhaust pipe silencer was defective; and

    h. Front dash and switches were wrinkled and sticky due to excessive sun exposure.

18. Mr. Norouzi also saw a Carfax that reports an accident history on the F430.

19. Since then, Mr. and Mrs. Norouzi have found, and are continuing to find, additional defects.

20. Some time later, Mr. Norouzi found out that the F430 was reported as having the following odometer readings in the past:

    a. April 1, 2014: 22,000 miles

    b. April 1, 2014: 21,571 miles

    c. May 2, 2014: 21,568 miles

    d. May 20, 2014: 21,571 miles

    e. January 20, 2015: 20,569 miles

    f. January 20, 2015: 20,544 miles

21. Currently, the F430 has been in the shop for 25 days, and it is estimated that it will be in the shop for a total of 50 days. Plaintiffs have lost the use and enjoyment of the F430 during that time.

22. If Plaintiffs were to rent a similar vehicle, they would incur approximately $70,000 in reasonable rental costs.

**FIRST CLAIM FOR RELIEF: UNLAWFUL TRADE PRACTICES - ORS § 646.608**

23. Plaintiffs re-allege the above paragraphs, and incorporate the same herein.

24. In the course of its business, Jordan Motorz made the following representations about the F430:

    a. It was never involved in an accident;

    b. It had a clean title and was Carfax certified;

    c. It ran well with no material defects;

    d. Its odometer reading of 21,569 miles was accurate;

    e. It had a reliable and functioning odometer;

25. The F430 did not have the qualities and benefits that Jordan Motorz represented it to have.

26. The representations Jordan Motorz made were false, incomplete, or Jordan Motorz did not have sufficient information upon which a reasonable belief in the truth of the representation could be based.

27. Jordan Motorz knew or should have known that its representations were false.

28. The F430 had material defects and non-conformities that Jordan Motorz failed to disclose.

29. Jordan Motorz knew or should have known that the F430 had material defects.

30. Jordan Motorz submitted an odometer disclosure statement to Oregon Department of Transportation that Jordan Motorz knew or should have known was false.

31. Plaintiff suffered damages, including but not limited to cost of repairs, diminished value, loss of use, and other consequential and incidental damages.

32. Jordan Motorz therefore willfully violated the following provisions of the Unlawful Trade Practices Act (UTPA):

    a. ORS 646.608(1)(e) – Misrepresentation of Benefits and Qualities;

    b. ORS 646.608(1)(g) – Misrepresentation of Standard and Grade;

    c. ORS 646.608(1)(t) – Failure to Disclose Material Defects;

Hanson & Walgenkim, LLC
838 Commercial St NE
Salem, OR 97301
Tel. (503) 383-1496 || Fax (503) 766-6477

    d.  ORS 646.608(1)(aa) – False Odomter Disclosure;

    e.  ORS 646.608(1)(u), OAR 137-020-0020(3)(o) – Failure to Disclose Material Defects

    f.  ORS 646.608(1)(u), OAR 137-020-0020(3)(p) – False or Unsubstantiated Representations

### Damages

33. As a result of Jordan Motorz' of violations of the UTPA, Plaintiffs are entitled to actual economic damages, statutory damages, reasonable attorney fees, and costs pursuant to ORS 646.638.

34. Plaintiffs' actual economic damages include loss of use valued at $70,000.

### Liability of USFIC

35. Jordan Motorz' violations of the UTPA were due to Jordan Motorz' fraudulent representations and/or Jordan Motorz' violations of the vehicle code.

36. Plaintiff suffered loss because of Jordan Motorz' fraudulent representations and/or Jordan Motorz' violations of the vehicle code.

37. USFIC is jointly and severally liable as the bond company for Jordan Motorz under ORS 822.030.

38. Proof of loss was filed with USFIC on, or about, May 18, 2015. If Plaintiffs' recovery exceeds the amount of any tender made by USFIC within six months of the proof of loss, Plaintiffs are entitled to attorney fees against USFIC pursuant to ORS 742.061(1).

### SECOND CLAIM FOR RELIEF: TRUTH IN MILEAGE (49 USC § 32705)

39. Plaintiffs re-allege the above paragraphs and incorporate the same herein.

40. Jordan Motorz is a transferor within the terms of the Federal Truth in Mileage Act, 49 USC § 32702.

Hanson & Walgenkim, LLC
838 Commercial St NE
Salem, OR 97301
Tel. (503) 383-1496 || Fax (503) 766-6477

41. During the sale of the F430, Jordan Motorz knew that the odometer reading on the F430 differed from actual mileage, and that difference was greater than that caused by odometer calibration error.

42. Jordan Motorz also knew that the odometer in the F430 did not function properly

43. However, Jordan Motorz did not inform the Plaintiff that the odometer mileage was inaccurate or that the odometer was not reliable.

44. Jordan Motorz did not include a statement that the odometer reading did not reflect the actual mileage, and should not have been relied upon.

45. Jordan Motorz did not include a warning notice to alert the transferee that a discrepancy existed between the odometer reading and the actual mileage.

46. Jordan Motorz, in making odometer disclosures, gave false statements to a transferee in violation of 49 USC § 32705 and 49 CFR § 580.5.

47. Jordan Motorz violated the Federal Truth in Mileage Act with intent to defraud.

## Damages

48. As a result of the above violations of the Federal Truth in Mileage Act, Jordan Motorz is liable to Plaintiffs in the sum of three (3) times their actual damages or the minimum statutory damages of $10,000, whichever is greater, plus attorney fees and costs pursuant to 49 USC § 32710.

## Liability of USFIC

49. Jordan Motorz' violations of the Federal Truth in Mileage Act were due to Jordan Motorz's fraudulent representations.

50. Plaintiffs suffered loss because of Jordan Motorz's fraudulent representations.

51. USFIC is jointly and severally liable as the bond company for Jordan Motorz under ORS 822.030.

52. Proof of loss was filed with USFIC on, or about, May 18, 2015. If Plaintiffs' recovery exceeds the amount of any tender made by USFIC within six months of the proof of loss, Plaintiffs are entitled to attorney fees against USFIC pursuant to ORS 742.061(1).

## JURY DEMAND

53. Plaintiff requests trial by jury

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment be entered against Defendants Jordan Motorz and USFIC for:

FIRST CLAIM FOR RELIEF: UNLAWFUL TRADE PRACTICES (ORS § 646.608):

a) An order declaring that Jordan Motorz violated the UTPA, ORS § 646.608;

b) An award of statutory damages or actual damages in the amount to be determined by the jury, not to exceed $185,000, including but not limited to loss of use and incidental and consequential damages;

c) 9% pre-judgment interest;

d) An award of reasonable attorney fees and costs; and

e) Any and all other relief the court deems just and equitable.

/ / /

/ / /

/ / /

/ / /

/ / /

SECOND CLAIM FOR RELIEF: TRUTH IN MILEAGE ACT (49 USC § 32701 et seq.):

a) An order declaring that Jordan Motorz violated the Truth in Mileage Act;

b) An award of statutory damages of $10,000 or three times actual damages, in the amount to be determined by the jury, not to exceed $345,000;

c) 9% pre-judgment interest;

d) An award of reasonable attorney fees and costs; and

e) Any and all other relief the court deems just and equitable.

DATED: May 19, 2015

/s/ Young Walgenkim
Young Walgenkim OSB# 124900
young@hansonwalgenkim.com
838 Commercial St NE
Salem, OR 97301
Tel. (503) 383-1496 || Fax (503) 766-6477
Attorney for Plaintiffs