IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROYA NOROUZI**,

        Plaintiff,

   v.

**JORDAN MOTORZ, LLC** *domestic limited liability company,* and
**UNITED STATES FIRE INSURANCE COMPANY**,

        Defendants.

No. 3:15-cv-00857-MO

OPINION AND ORDER

**MOSMAN, J.**,

Defendant Jordan Motorz filed a Motion to Dismiss under FRCP 12(b)(6), seeking to dismiss Plaintiff Roya Norouzi's Truth in Mileage Act claim and breach of contract claim [21]. Jordan Motorz also moves for an order to join Putnam Leasing Company I, LLC, as a defendant to this action under FRCP 12(b)(7) and 19(a)(2). I have concluded that while Ms. Norouzi has stated a claim under the Truth in Mileage Act, she has failed to state a breach of contract claim. I therefore GRANT in part Jordan Motorz's motion to dismiss with respect to Ms. Norouzi's breach of contract claim, and DENY in part with respect to the TIMA claim. I also GRANT Jordan Motorz's 12(b)(7) motion and ORDER Ms. Norouzi to join Putnam Leasing Company I, LLC as a defendant to this action.

## BACKGROUND

On January 16, 2015, Plaintiff Roya Norouzi's husband responded to an online advertisement to purchase a 2007 Ferrari F430 Spider from Defendant Jordan Motorz, LLC, a

1 – OPINION AND ORDER

car dealer located in Milwaukie, Oregon. The advertisement indicated that the F430 had "clean title Carfax certified" and had 21,569 miles. (Pl. First Am. Compl. [20] at ¶ 8.) Mr. Norouzi asked a Jordan representative about the condition of the F430, and the representative stated that it had no major problems other than having been involved in a minor fender bender accident. (*Id.* at ¶ 9–10.) Mr. Norouzi agreed to the purchase of the vehicle and arranged with Putnam Leasing, LLC to purchase the F430 on Ms. Norouzi's behalf. (*Id.* at ¶ 12.) Ms. Norouzi entered into a leasing agreement with Putnam, and Jordan Motorz prepared the appropriate paperwork, making Putnam the buyer. (Def. Ex. 1.) Jordan applied for a temporary registration with the California Department of Motor Vehicles indicating the registrant name as "Putnam Lsg Co 1 LLC LSR R NorouziSalimi Roya LSE." (Pl. Ex. 3.)

On February 3, 2015, the F430 was delivered to the Norouzis' home in California. Norouzi claims that her husband immediately noticed a rattling noise coming from the engine as the vehicle was being unloaded from the truck. She also claims that her husband noticed the odometer read 21,806—237 miles more than was advertised. (Pl. First Am. Compl. [20] at ¶ 16.) The next day, when Mr. Norouzi was driving the vehicle on the freeway, he saw that the speedometer was displaying 25 miles per hour when in reality he was going about 65 miles per hour. (*Id.* at ¶ 17.) Mr. Norouzi took the F430 to a mechanic, who informed him that the vehicle was leaking fluid, the vehicle had been in a major wreck, the speedometer and odometer were not functioning properly, and the vehicle had other various defects. Later, Mr. Norouzi discovered that the F430 was reported as having the following odometer readings:

    April 1, 2014:      22,000 miles
    April 1, 2014:      21,571 miles
    May 2, 2014:       21, 568 miles
    May 20, 2014:     21, 571 miles
    January 20, 2015:  20,569 miles
    January 20, 2015:  20,544 miles

(*Id.* at ¶ 24.)

Ms. Norouzi now brings this suit against Jordan and Defendant United States Fire Insurance Company (USFIC), the bond company for Jordan Motorz. The four claims alleged in her First Amended Complaint [20] include a claim under the federal Truth in Mileage Act and a breach of contract claim. Jordan now moves to dismiss these two claims for failure to state a claim.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 8 requires that complaints in federal court consist of "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Pleadings need not contain detailed factual allegations, but the plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 548 (2007). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 545 (citation omitted). This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 554). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Twombly*, 550 U.S. at 555. However, a claim "may proceed even if it strikes a savvy judge that actual proof of [necessary] facts is improbable," and the plaintiff is unlikely to succeed on the merits. *Id.* at 556.

On a motion for failure to state a claim, the court is limited in the evidence it may consider. *Lee v. City of L.A.,* 250 F.3d 668, 688 (9th Cir. 2001). The court may consider the pleadings themselves, exhibits that are physically attached to the complaint, and matters of which the court may take judicial notice. *Id*. For all other factual matters, the court must assume

3 – OPINION AND ORDER

all allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Silvas v. E\*Trade Mortg. Corp.,* 514 F.3d 1001, 1003 (9th Cir. 2008).

## TRUTH IN MILEAGE ACT CLAIM

The Truth in Mileage Act (TIMA), 49 U.S.C. § 32705, provides:

> a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:
>
> (A) Disclosure of the cumulative mileage registered on the odometer;
>
> (B) Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually travelled.

49 U.S.C. § 32705 (a)(1)(A)–(B). Norouzi alleges that Jordan violated this statute because its representatives "knew that the odometer reading on the F430 differed from actual mileage" and it did not disclose that the actual mileage was unknown. (Pl. First Am. Compl. [20] at ¶ 29.) Jordan contends Norouzi has failed to plead sufficient facts to support a claim that someone at Jordan knew the odometer reading was inaccurate. The issue is whether Norouzi's First Amended Complaint is sufficient to support a claim that Jordan knew that the F430's odometer reading was different from the number of miles the vehicle had actually traveled.

First, Norouzi alleges the existence of records that indicate the miles registered on the F430's odometer decreased on several instances over time. (Pl. First Am. Compl. [20] at ¶ 24.) Jordan responds by offering the declaration of Ashraf Yasin, its owner and President, in which he states that Jordan did not have any of the third-party vehicle history reports referenced in Norouzi's complaint. (Dec. Yasin ¶ 3.) Jordan further contends that "[t]he differences in these reports are so small that they do not evidence any attempt to mislead. Rather, the slight discrepancies from unknown sources likely indicate clerical error and probable carelessness in entering data on these unofficial documents." (Jordan Reply [27] at 3.) However, at the motion to

4 – OPINION AND ORDER

dismiss stage, Jordan's contentions are largely irrelevant because the court must presume all factual allegations of the complaint are true.

While Norouzi fails to allege in her complaint that Jordan had these records and knew their contents, she contends in her response that "[b]ecause dealers generally have access to [these records], it is plausible that Jordan knew about these troublesome odometer readings." (Pl. Resp. [23] at 3.)  While it would have been preferable for Norouzi to raise this contention in her complaint rather than waiting to raise it in her response, when I draw "all reasonable inferences in favor of" Norouzi, her complaint includes sufficient factual allegations about the existence of the records to support a plausible claim that Jordan knew, based on these records, that the F430's odometer was inaccurate. Norouzi will need to explain her argument more fully at the summary judgment stage of this case, but for now the pleaded facts about the mileage records are sufficient to defeat a 12(b)(6) motion to dismiss.

Secondly, Norouzi alleges that while the F430 had been advertised as having 21,569 miles, when she received the vehicle it had 21,806 miles, a difference of 237 additional miles. (Pl. First Am. Compl. [20] at ¶16.) While selling a vehicle with slightly more miles on it than advertised does not violate § 32705, Norouzi contends this is evidence that someone at Jordan drove the vehicle while it was in Jordan's possession and therefore was aware of the F430's speedometer defect. In her response, Norouzi states that "[b]ecause speedometer and odometers are usually linked to the same mileage tracking mechanism, it is plausible that the odometer reading was inaccurate. Also, because the vehicle had been driven about 237 miles while in Jordan's possession, it is also plausible that Jordan knew about the problem with the odometer." (Pl. Resp. [23] at 3.)

5 – OPINION AND ORDER

Once again, Norouzi could have done a better job connecting the dots in her complaint for the Defendants and this court. However, it is reasonable to infer from the facts Norouzi alleges that anyone familiar with cars knows there is a connection between the speedometer and the odometer, especially a car dealership that is frequently working with odometer readings. This reasonable inference, coupled with Norouzi's allegation Jordan drove the vehicle 237 miles, is enough to support a plausible claim that Jordan knew the mileage was inaccurate because someone at Jordan drove the vehicle and saw that the speedometer was not functioning properly. Although Norouzi will need to offer more to survive summary judgment, the reasonable inferences drawn from her allegations are sufficient to survive a motion to dismiss. Therefore I deny Jordan's motion to dismiss Norouzi's TIMA claim.

I. Breach of Contract Claim

O.R.S. § 72.7140 provides a cause of action for the buyer to recover damages for a breach of contract in regard to accepted goods. Norouzi was not a party to the Purchase Agreement between Jordan and Putnam, so in order to recover under a breach of contract theory, Norouzi must first establish that she has enforceable third-party rights under the contract. *GECCMC 2005-C1 Plummer St. Office Ltd. v. JPMorgan Chase Bank, Nat. Assoc.*, 671 F.3d 1027, 1033 (9th Cir. 2012). Norouzi contends that she is a third-party beneficiary of the Purchase Agreement. (Pl. First Am. Compl. [20] at ¶ 52.) Jordan argues that she is not. (Def. Mot. [21] at 4.) Jordan also contends that Norouzi's breach of contract claim fails because the contract at issue is an "as-is" contract and because the parol evidence rule applies.

    A. *Norouzi's Status as an Intended Third Party Beneficiary*

Norouzi claims she was a third-party beneficiary of the contract of sale of the F430 from Jordan to Putnam, but does not specify whether she was an intended third-party beneficiary or an

-

incidental third-party beneficiary. (Pl. First Am. Compl. [20] at ¶ 52.) In cases involving breach of contract, this court looks to "general principles for interpreting contracts." *Klamath Water Users Prot. Assoc. v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). One such general principle is that only a party to a contract or an intended third-party beneficiary may sue to enforce the terms of a contract or obtain an appropriate remedy for breach. *See Far West Fed. Bank, S.B. v. Office of Thrift Supervision–Dir.,* 119 F.3d 1358, 1363 (9th Cir. 1997). On the other hand, the rights of a third party who incidentally benefits under a contract are not judicially enforceable. *Plummer*, 671 F.3d at 1033 (citing *Klamath*, 204 F.3d at 1210–11).

"To prove intended beneficiary status, 'the third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party." *Plummer*, 671 F.3d at 1033 (9th Cir. 2012) (quoting *Klamath*, 204 F.3d at 1211). The court should "examine the terms of the contract as a whole, giving them their ordinary meaning." *Id.* at 1210. "Where performance of a promise in a contract will benefit a person other than the promisee, that person is . . . a creditor beneficiary if no purpose to make a gift appears from the terms of the promise in view of the accompanying circumstances and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary." Restatement (First) of Contracts, § 133(1)(b) (1932).

Here, Norouzi has sufficiently plead she is an intended third-party beneficiary. Jordan contracted with Putnam, intending to benefit Norouzi by delivering a car to her. Jordan's performance of delivering a car as represented would have satisfied a duty of Putnam to Jordan, and the performance would have benefited Norouzi. Furthermore, Jordan's application for vehicle registration indicating the registrant as "Putnam Lsg Co 1 LLC LSR R NorouziSalimi Roya LSE" makes it even clearer that Norouzi is an intended beneficiary.

7 – OPINION AND ORDER

### B. Conflict between an "As Is" Clause and an Express Warranty

Jordan argues that even if Norouzi is an intended third-party beneficiary, the Purchase Agreement is clearly stated "as is," and therefore Norouzi's breach of contract claim fails as a matter of law and should be dismissed. The Purchase Agreement states, "DEALER HEREBY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE ON ALL GOODS AND SERVICES SOLD BY DEALER. ALL USED VEHICLES ARE SOLD *AS IS*." (Def. Mot. [21], Ex. 1 at 1.) Norouzi alleges that a Jordan representative created an express warranty when he told Mr. Norouzi that the vehicle "had no major problems" other than a minor low-speed fender bender accident, had been "repaired as new," and was Carfax certified. (Pl. First Am. Compl. [20] at ¶¶ 9-11.) Mr. Norouzi allegedly relied on these representations when purchasing the vehicle. (*Id.*) Under Oregon law, "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Or. Rev. Stat. Ann. 72.3130(1)(b). As alleged, the statements made to Mr. Norouzi by the Jordan representative about the F430's condition constitute an express warranty.

In this case there is a conflict between the express warranty created when the Jordan representative made assurances to Mr. Norouzi and the Purchase Agreement's "as is" clause which disclaims all warranties, including express warranties. The Oregon legislature has contemplated this type of conflict between an express warranty and a warranty waiver, like an "as is" clause:

> (1) Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other; but subject to the provision of ORS 72.2020 on parol or extrinsic evidence negation or limitation is inoperative to the extent that such construction is unreasonable.

8 – OPINION AND ORDER

Or. Rev. Stat. Ann. 72.3160(1). Here, it is not reasonable to construe the express warranty and the "as is" clause as consistent with each other; therefore, the second half of this provision applies. The second half of O.R.S. 72.3160(1) references O.R.S. 72.2020, which is the parol evidence rule codified in Oregon statute. Section 72.2020 states:

> Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented:
>
> (1) By course of performance, course of dealing or usage of trade as provided in ORS 71.3030; and
>
> (2) By evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement.

Or. Rev. Stat. Ann. 72.2020. In this case, the parties intended the Purchase Agreement to be a final expression of their agreement, as evidenced by the document's language: "THIS ORDER CONTAINS THE ENTIRE AGREEMENT OF THE PARTIES AND MAY NOT BE AMENDED ORALLY." (Def. Mot. [21], Ex. 1 at 2.) Therefore, even though there was an express warranty, because that "prior agreement" contradicts a "writing intended by the parties as a final expression of their agreement," the express warranty created by the prior oral agreement is not allowed to add to or contradict the written contract. Because of this contradiction, Norouzi cannot base her claim on an oral agreement that is superseded by a written contract. In other words, where an express warranty is created from parol evidence, and the parol evidence contradicts the terms of the later written agreement, there is no enforceable express warranty. Therefore, I dismiss Norouzi's breach of contract claim with prejudice.

**II.     12(b)(7) Motion to Dismiss for Failure to Join**

Jordan also brings a motion for failure to join under FRCP 12(b)(7) and requests that this court order Norouzi to join Putnam as a defendant under FRCP 19(a)(2), as they are an indispensable and required party. Norouzi does not oppose Jordan's motion to join as a party. (Resp. [23] at 1.) I therefore GRANT Jordan's motion and ORDER Norouzi to join Putnam Leasing I, LLC as a defendant in this action.

## CONCLUSION

I GRANT in part and DENY in part Defendant Jordan Motorz's motion to dismiss [21]. I GRANT Jordan's motion with respect to Plaintiff Norouzi's breach of contract claim and DISMISS the claim with prejudice. I DENY Jordan's motion with respect to Norouzi's Truth in Mileage Act claim. Furthermore, I GRANT Jordan's motion for failure to join and ORDER Norouzi to join Putnam Leasing I, LLC as a defendant in this action.

IT IS SO ORDERED.

DATED this   2nd   day of December, 2015.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge